UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| WILL BLACK, *et al*, § | |
| § | |
| Plaintiffs, § | |
| VS. § | CIVIL ACTION NO. H-09-2912 |
| § | |
| XPRESS GLOBAL SYSTEMS, INC. § | |
| F/K/A CSI/CROWN, INC., § | |
| § | |
| Defendant. § | |

## MEMORANDUM OPINION AND ORDER OF REMAND

### I. Introduction

Pending before the Court is the defendant Xpress Global Systems, Inc.'s ("XGS") motion to dismiss pursuant Federal Rule of Civil Procedure 12(b)(6) (Docket Entry No. 3). The plaintiffs, Will Black and Donna Black (collectively, the "Blacks"), submitted a response to this motion (Docket Entry No. 5) and a supplemental response to this motion (Docket Entry No. 6). XGS filed a reply to the Blacks' responses (Docket Entry No. 7).

Further pending before the Court is the Blacks' motion to remand to state court (Docket Entry No. 4). XGS submitted a response to this motion (Docket Entry No. 7). Having carefully reviewed the parties' submissions, the record and the applicable law, the Court hereby GRANTS the Blacks' motion to remand to state court and DENIES XGS's motion to dismiss.

### II. Factual Background

In 1997, the Blacks contracted with XGS (then known as CSI/Crown, Inc.) to store 373 square feet of carpet and a rug (collectively, the "carpet") at its facilities. The present lawsuit arose after XGS was unable to produce the carpet at the Blacks' demand.

Between 1997 and October of 2005, the Blacks maintained a current account with XGS for storage of the carpet. In October of 2005, the Blacks inquired about the condition of their property. In response, XGS told them that the carpet could not be located. XGS searched for the carpet until May of 2006, when the Blacks filed a claim with XGS requesting payment for the loss. They assert the value of the carpet to be approximately $20,000. XGS refused to pay the claim because the Blacks did not evidence the value of the lost property.

On July 3, 2008, the Blacks filed suit against XGS in the Justice Court, Precinct Four, Position One, Harris County, Texas, seeking to recover the value of the carpet. The case was tried in November of 2008. After both parties presented their case, Judge J. Kent Adams dismissed the suit with prejudice because the amount in controversy exceeded the court's jurisdictional limits. On October 6, 2009, the court granted a motion for a judgment nunc pro tunc dismissing the case without prejudice.

The Blacks filed a second suit on August 5, 2009, in the 113th Judicial District Court of Harris County, Texas (*Will Black and Donna Black v. Xpress Global Systems, Inc. f/k/a CSI/Crown, INC.*, Cause No. 2009-49979). The suit alleged breach of contract and breach of a bailment agreement. XGS removed this case to federal court on September 8, 2009. It asserted that federal jurisdiction was proper because the Blacks' claims fall under the Carmack Amendment (a federal law), which is the exclusive remedy a party has for damages to shipped property.

### III. Contentions

#### A. The Defendant's Contentions

XGS requests that this case be dismissed because the Blacks have failed to state a claim upon which relief can be granted. Specifically, it states that the present claims are precluded by the doctrine of res judicata and are time barred under the Carmack Amendment. Further, XGS argues that federal court jurisdiction is proper because the complaint (as alleged) falls under the Carmack Amendment. In the alternative, XGS claims that it could establish federal jurisdiction after limited discovery.

#### B. The Plaintiff's Contentions

The Blacks state that this Court does not have jurisdiction over this case and should remand it to state court. To this end, the Blacks assert that their claims do not fall under the Carmack Amendment. Further, they claim that XGS previously waived any right it had to removal. In the alternative, were this Court to find the Carmack Amendment applicable, the Blacks argue that the statute of limitations on their claim has not run because it was tolled due to XGS's failure to comply with procedural requirements. Lastly, the Blacks assert that res judicata is inapplicable because the predicate case was dismissed without prejudice.

### IV. Standard of Review

The applicable statute provides two grounds for remand: (1) a defect in removal procedure; and (2) the lack of subject matter jurisdiction. *See* 28 U.S.C. § 1447(c); *Things Remembered, Inc. v. Petarca*, 516 U.S. 124, 127–28 (1995). A remand for lack of subject matter jurisdiction is permissible at any time before final judgment, with or without a motion. 28 U.S.C. § 1447(c). Here, the essential inquiry is whether removal of

the state court action on the basis of federal question jurisdiction was proper in light of the facts presented.

Pursuant to 28 U.S.C. § 1441(a), a defendant is permitted to remove an action from a state court to a federal court only if the action is one over which the federal court has original jurisdiction. *See* 28 U.S.C. 1441(a). Since federal courts are courts of limited jurisdiction, absent jurisdiction granted by statute, federal courts lack the power to adjudicate claims. *See Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) (citing *Veldhoen v. U.S. Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994)). Thus, "[i]t is incumbent on all federal courts to dismiss an action whenever it appears that subject matter jurisdiction is lacking." *Id*. at 151. Further, the party seeking to invoke the jurisdiction of a federal court carries the burden of establishing the existence of federal jurisdiction. *Id*. Any doubt as to the district court's jurisdiction must be resolved in favor of remand. *Bosky v. Kroger Tex., L.P.*, 288 F.3d 208, 211 (5th Cir. 2002).

Federal subject matter jurisdiction is limited to cases that either "aris[e] under the Constitution, laws or treaties of the United States" or involve matters where the amount in controversy exceeds $75,000, exclusive of costs and interest, and diversity of citizenship exists. 28 U.S.C. §§ 1331, 1332. When determining whether a claim "arises under" federal law, courts should reference the well-pleaded complaint. *See Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808 (1986) (citing *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 9–10 (1983)).

### V. Analysis & Discussion

"[T]he Carmack Amendment, as judicially interpreted, provides an exclusive remedy for a breach of contract of carriage provided by a bill of lading . . . ." *Air Prods.*

*and Chems., Inc. v. Ill. Cent. Gulf R.R. Co.*, 721 F.2d 483, 484–85 (5th Cir. 1983). "[T]herefore, such claims 'arise[] under federal law and [can] . . . be removed under [28 U.S.C.] § 1441.'" *New Process Steel Corp. v. Union Pac. R.R. Co.*, 91 Fed. Appx. 895, 898 (5th Cir. 2003) (unreported opinion) (quoting *Hoskins v. Bekins Van Lines*, 343 F.3d 769, 778 (5th Cir. 2003)) (insertions and deletions in original). Accordingly, with regard to the propriety of the present case's removal to federal court, the outcome determinative question is whether the present suit alleges "a breach of contract of carriage provided by a bill of lading." The Blacks assert that their suit does not fall into this scope and therefore, removal was improper. The Court agrees.

"Under the well-pleaded complaint rule, 'a federal court has . . . removal jurisdiction only if a federal question appears on the face of the plaintiff's well-pleaded complaint; generally, there is no federal jurisdiction if the plaintiff properly pleads only a state law cause of action.'" *Gutierrez v. Flores*, 543 F.3d 248, 251–52 (5th Cir. 2008) (quoting *Bernhard v. Whitney Nat'l Bank*, 523 F.3d 546, 551 (5th Cir. 2008)). "However, the Supreme Court has created an exception to this rule when federal law wholly displaces a state law cause of action through complete preemption." *McAteer v. Silverleaf Resorts, Inc.*, 514 F.3d 411, 416 (5th Cir. 2008) (citing *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 8 (2003)). "[C]omplete preemption . . . creates federal question jurisdiction." *Rio Grande Underwriters, Inc. v. Pitts Farms, Inc.*, 276 F.3d 683, 685 (5th Cir. 2001) (citing *Hart v. Bayer Corp.*, 199 F.3d 239, 244 (5th Cir. 2000)). "The Fifth Circuit has explicitly recognized the application of the complete-preemption doctrine to claims arising under the Carmack Amendment." *Marks v. Suddath Relocation Sys., Inc.*,

319 F. Supp. 2d 746, 751 (S.D. Tex. 2004) (citing *Hoskins v. Bekins Van Lines*, 343 F.3d 769, 778 (5th Cir. 2003)).

As such, if the claims at bar fall under the Carmack Amendment's purview, federal jurisdiction—and XGS's removal to the court—would be proper. In describing the scope of the Carmack Amendment, Judge Gray Miller (S.D. Texas, Houston Div.) has stated:

> The Carmack Amendment, enacted in 1906 as an amendment to the Interstate Commerce Act of 1887, now codified in pertinent part at 49 U.S.C. § 14706 *et seq.*, governs the liability of carriers for goods lost or damaged during the interstate shipment of property. *See* 49 U.S.C. § 14706(a) (addressing liability of motor carriers). Under the Amendment, a shipper may recover for the actual losses resulting from damage to property caused by any of the interstate carriers involved in the shipment. *See* 49 U.S.C. § 14706.

*United Van Lines, L.L.C. v. Jackson*, 467 F. Supp. 2d 711, 713 (S.D. Tex. 2006); *see also Hanlon v. United Parcel Serv.*, 132 F. Supp. 2d 503, 505 (N.D. Tex. 2001). Thus, this Court must determine whether the Blacks allege "damage to property caused by [an] interstate carrier[] involved in [their] shipment." The Fifth Circuit has previously addressed this issue.

In *Centraal Stikstof Verkoopkantoor, N. V. v. Alabama State Docks Dept.*, Centraal Stikstof Verkoopkantoor ("C.S.V.") alleged damage to commercial fertilizer that was stored at the Alabama State Docks Department's ("Docks") warehouse. 415 F.2d 452, 454 (5th Cir. 1969). The facts of the case are as follows:

> C.S.V. unloaded a cargo of commercial fertilizer called nitrolime in good condition in September 1959 in a warehouse of Docks in Mobile, Alabama. A uniform warehouse receipt was issued. The nitrolime was damaged when a sprinkler system in the warehouse was activated. The contention of C.S.V. is that the nitrolime was improperly stored in that it was piled over the sprinkler system and the corrosive tendencies of the

> nitrolime on the metal components of the sprinkler system caused it to discharge.
>
> This resume demonstrates a fact which will prove crucial in this Court's determination, i.e.: Docks' role was *solely that of a warehouseman*. C.S.V.'s own stevedore unloaded the ship which carried the nitrolime . . . . It is apparent that Docks was never involved in the transportation of the fertilizer. It merely stored the nitrolime for a fee.

*Id*. (emphasis added). Under these facts, C.S.V. alleged that the federal courts had jurisdiction because Docks was subject to, among other things, the Carmack Amendment. *Id*. at 455. The court rebuffed this argument by distinguishing common carriers from mere storers of goods and holding storers to be outside the scope of the Carmack Amendment. To this end, *Centraal* noted that "[t]his view is consistent with the common law which has traditionally refrained from classifying warehousemen as common carriers." *Id*. at 456 (citation omitted).

The case at bar is factually consistent with *Centraal*. In their present complaint, the Blacks solely allege that XGS was deficient in *storing* their goods (as opposed to shipping them). In example, the Blacks allege that, with regard to their breach of contract claim, the parties "entered into a valid enforceable contract when the Plaintiff agreed to tender monies to the Defendant, and the Defendant agreed to store the Plaintiffs' carpet in consideration for accepting Plaintiffs' monies . . . . Defendant breached the contract when it ceased to provide storage for Plaintiffs' carpet." Further, with regard to their breach of a bailment agreement claim, the Blacks state that they "delivered personal property to Defendant for the specific purpose of Defendant storing the personal property . . . . Defendant breached this duty when it lost or converted Plaintiffs personal property." As both of these quotations evince, the present cause of action arises from an alleged failure to safely *store* goods, not a failure to safely *ship* goods. Accordingly, the

factual basis of the present suit is consistent with *Centraal*, and as such, the Carmack Amendment is not applicable. Therefore, federal court jurisdiction is improper, and this case must be remanded to state court.[1]

### VI. Conclusion

Based on the preceding discussion, the Court hereby GRANTS the Blacks' motion to remand to state court. This civil action is hereby remanded, pursuant to 28 U.S.C. § 1447(c), to the 113th Judicial District Court of Harris County, Texas, where it was originally filed and assigned Cause No. 2009-49979.

It is so **ORDERED**.

SIGNED at Houston, Texas this 12th day of November, 2009.

_____
Kenneth M. Hoyt
United States District Judge

---

[1] The Court notes that XGS has requested that, if this case is determined to be outside the scope of the Carmack Amendment, this Court allow XGS limited discovery to determine if it shipped the carpet (in addition to merely storing it), such that the Carmack Amendment would be applicable. The Court declines to do so.

XGS failed to raise this argument in its notice of removal. It also failed to raise this issue in its motion to dismiss. Only in its response to the Blacks' motion to remand to state court did XGS finally raise this argument. Such a late-presented argument does not warrant the exercise of the Court's discretion to allow limited discovery. Further, XGS could have utilized state court discovery (prior to removal) to determine if removal was proper. XGS did not. This further reinforces the Court's decision not to allow the requested limited discovery.